IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,464






EX PARTE ROBERTO SANCHEZ, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 1991CRA335-D3 IN THE 341ST JUDICIAL DISTRICT
COURT OF WEBB COUNTY




 Per curiam. Keller, P.J., and Keasler, Hervey, and Cochran, J.J., would deny.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of burglary of a habitation, and punishment was assessed at forty-five years'
imprisonment. Applicant appealed, and his conviction was affirmed. Sanchez v. State, No.
04-91-00505-CR (Tex. App. -- San Antonio, delivered September 16, 1992, no pet.)

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court conducted an evidentiary hearing, and entered findings of fact and conclusions of law
without making a recommendation. The record reflects that counsel did not timely inform
Applicant that his conviction had been affirmed or that he could file a petition for
discretionary review from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 1991CRA335-D3 from the 341st Judicial District Court of Webb County. Applicant is ordered returned to
the point at which he can file a meaningful petition for discretionary review. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court
of Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: JUNE 28, 2006

DO NOT PUBLISH